UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GRUPO BRYNDIS, INC. <br> and MAURO POSADAS <br> <br> Plaintiffs, <br> v. <br> <br> ALREDO HINOJOSA, JUAN GUEVARA, <br> ALFREDO GUEVARA, <br> GUADALUPE GUEVARA, <br> BETO CELEDON, <br> FRANCISCO GUEVARA, and <br> JUAN J. AYALA, <br> <br> Defendants. | § § § § § § § § § § § § § § § § § <br> <br> CIVIL ACTION NO. <br> <br> SA-10-CV-0329 FB (NN) |

## REPORT AND RECOMMENDATION

TO:   Honorable Fred Biery
      Chief United States District Judge

Pursuant to the Order of referral in the above styled and numbered cause of action to the undersigned United States Magistrate Judge,[1] and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 1(d) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following report is submitted for your review and consideration. The report recommends denying the pending motion for preliminary injunction.[2] No reason exists for a

---

[1] Docket entry # 24.

[2] Docket entry # 32.

hearing on this matter because the request can be resolved without resolving factual disputes.[3]

The plaintiffs have been given ample opportunity to present their views on the matter.[4]

**Background**. Plaintiff Mauro Posadas is a musician who founded musical group Grupo Bryndis in California in 1983. Posadas recruited various musicians over the years. Currently, he is the only original group member. The group was incorporated in Texas in 1997 as Grupo Bryndis, Inc.—the group is also a plaintiff in this lawsuit. Posadas has continuously used the name Grupo Bryndis since the group's inception.

The Grupo Bryndis group has recorded over 20 albums. The band has played concerts in the United States, Mexico, and Central America, to include extensive radio air play.[5] The plaintiffs allege the name "Grupo Bryndis" is well known in the Latin music industry.[6]

Defendants Guadalupe and Juan Guevara are former members of the band Grupo Bryndis. Earlier this year, the Guevaras formed their own band. Initially, the Guevaras called themselves "Bohemios de Bryndis." On February 15, 2010, Guadalupe Guevara registered that name for a federal trademark.[7]

Plaintiffs allege that on March 1. 2010, defendant Alfred Hinojosa—a member of "Bohemios de Bryndis"—filed a trademark registration application for the name "Grupo

---

[3]*Kaepa v. Achilles Corp*., 76 F.3d 624, 628 (5th Cir. 1996) ("If no factual dispute is involved, . . . no oral hearing is required; . . . the parties need only be given 'ample opportunity to present their respective views of the legal issues involved.'").

[4]*See id*.

[5]Docket entry # 1.

[6]Docket entry # 32.

[7]*Id*.

Bryndis."[8] The plaintiffs allege these defendants changed their name to "Grupo Bryndis," perform under that name, and use an identical logo as plaintiff Grupo Bryndis. Meanwhile, Posadas still performs and records under the name "Grupo Bryndis."[9]

The plaintiffs sued the above-mentioned defendants and four other members of the "Bohemios de Bryndis" group for various claims: unfair competition, trademark dilution, copyright infringement, injury to business reputation and service mark, misappropriation, conversion, breach of fiduciary duty, and wrongful accounting. The plaintiffs demanded that the defendants cease using the Grupo Bryndis name and logo. Plaintiffs allege defendants have "wantonly and maliciously" ignored such demand and ask for a preliminary injunction to prevent the defendants from using the "Grupo Bryndis" name and logo while this case is pending.[10]

**Applicable standards**. Rule 65 permits the court to enter a preliminary injunction.[11] "A preliminary injunction functions merely to preserve the status quo until the merits of a claim can be adjudicated."[12]

> Before a preliminary injunction may issue, the plaintiffs must show that (1) there is a substantial likelihood they will prevail ultimately on the merits, (2) there is a substantial danger they will suffer irreparable injury if an injunction does not issue, (3) the threatened injury outweighs any harm to the defendant resulting from the injunction, and (4) the injunction will not harm the public interest.[13]

---

[8]*Id.*

[9]Docket entry # 1.

[10]Docket entry # 32.

[11]Fed. R. Civ. P. 65.

[12]*Middleton-Keirn v. Stone*, 655 F.2d 609, 610 (5th Cir. 1981).

[13]*Hull v. Quitman County Bd. of Educ.*, 1 F.3d 1450, 1453 (5th Cir. Miss. 1993).

As an extraordinary remedy, the court may enter a preliminary injunction only "if the movant has clearly carried the burden of persuasion on all four . . . prerequisites."[14] Whether to enter a preliminary injunction falls within the district court's discretion,[15] but "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."[16]

**Summary of the arguments**. The plaintiffs maintain they will prevail on the merits of the case because Posadas undisputedly coined the term "Bryndis" and developed the logo. The plaintiffs contend the defendants' use of the "Grupo Bryndis" name and logo damages goodwill and reputation established since 1983.[17] They claim money damages cannot compensate for these losses and maintain they will suffer irreparable damages if the defendants continue to perform under the "Grupo Bryndis" name.[18] They claim to have no adequate remedy at law and maintain an injunction will not excessively harm the defendants.[19] The plaintiffs claim there has already been substantial confusion by the public as to which "Grupo Bryndis" is which, and a preliminary injunction would end further damage and confusion.[20]

**The plaintiffs cannot demonstrate a substantial danger of irreparable injury**. As irreparable injury, the plaintiffs rely on confusion they maintain occurs because the defendants

---

[14]*Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

[15]*Hull.*, 1 F.3d at 1453.

[16]*Cherokee Pump & Equip. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994).

[17]Docket entry # 36.

[18]Docket entry # 36.

[19]Docket entry # 36.

[20]Docket entry # 36.

perform under the name "Grupo Bryndis" and use the Grupo Bryndis logo.  The plaintiffs assert that their record sales and concert attendance is likely adversely affected because the public associates the defendants' band with the plaintiffs' band.  The plaintiffs maintain money damages cannot compensate them for these losses.

> Federal courts have long recognized that, when "the threatened harm is more than de minimis, it is not so much the magnitude but the irreparability that counts for purposes of a preliminary injunction."  In short, "[t]he key word . . . is irreparable," and an "injury is 'irreparable' only if it cannot be undone through monetary remedies."  Thus, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weigh[ ]s heavily against a claim of irreparable harm."  The absence of an available remedy by which the movant can later recover monetary damages, however, may also be sufficient to show irreparable injury.[21]

As evidence of irreparable harm, Posadas submitted his affidavit, wherein he declared that "the Guevara defendants and their new band are damaging the reputation of the band [he] established back in 1983, and are using the goodwill [he] established over the years to their advantage."[22]  Posadas's declaration does not demonstrate irreparable injury.

"There can be no irreparable injury where money damages would adequately compensate a plaintiff."[23]  If confusion between the original group and the defendants' group has adversely affected the plaintiffs' record sales and concert attendance, money damages can compensate the plaintiffs for associated losses.  In addition, "[t]he lost goodwill of a business operated over a

---

[21] *Enterprise Int'l v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985).

[22] Docket entry # 36, exh. 1.

[23] *DFW Metro Line Services v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990).

short period of time is usually compensable in money damages."[24]  Although the plaintiffs rely on goodwill developed over many years, the record contains no evidence showing the plaintiffs' goodwill or reputation has diminished by the defendants' use of the Group Bryndis name, or that a loss of goodwill cannot be compensated by money damages.  Any damages suffered by the plaintiffs can be fixed and measured at the point in time the defendants allegedly began performing as "Grupo Bryndis."  Revenue associated with the defendants' use of the "Grupo Bryndis" name can be calculated as money damages.  In absence of evidence indicating that monetary damages will not compensate the plaintiffs for losses attributable to the defendants' actions, the plaintiffs are not entitled to a preliminary injunction.

**Recommendation**.  I recommend DENYING the plaintiffs' motion for preliminary injunction (docket entry # 32) because the plaintiffs did not clearly carry their burden to show irreparable injury.  Because the court can grant a preliminary injunction only if the movant clearly carries its burden with regard to all four requires factors,[25] the court need not consider the remaining factors.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days

---

[24] *DFW Metro Line Services*, 901 F.2d at 1269.

[25] *Miss. Power & Light Co.*, 760 F.2d at 621.

after being served with a copy of same, unless this time period is modified by the district court.[26] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[27] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[28]

    **SIGNED** on December 15, 2010.

                                      */s/ Nancy Stein Nowak*
                                      NANCY STEIN NOWAK
                                      UNITED STATES MAGISTRATE JUDGE

---

[26] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[27] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[28] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).