## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Mauro Posadas, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| v. | § | |
| | § | SA-10-CV-0329 FB |
| Alfredo Hinojosa, Juan Guevara, | § | |
| Alfredo Guevata, | § | |
| Guadalupe Guevara, | § | |
| Beto Celedon, | § | |
| Fransisco Guevara, and | § | |
| Juan J. Ayala, | § | |
| | § | |
| Defendants. | § | |

## <u>REPORT AND RECOMMENDATION</u>

**TO:   Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation addresses plaintiff Mauro Posadas's "motion for entry of default judgment."[1]

Plaintiff begins his motion stating, "Plaintiff...files this Motion for Entry of Default against Defendant, Alfredo Hinojosa." Plaintiff did not recite the rule or authority upon which his motion is based as required by Local Rule CV-7(c). Rule 55

---

[1]Docket entry # 54.

applies to defaults and default judgments.[2]  Under the rule, a default must be entered against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Posadas reported that he served Hinojosa by substituted service on May 12, 2011.

In the interest of justice the Court construes the motion as a request for entry of default pursuant to Federal Rule of Civil Procedure 55(a).  Because defendant Alfredo Hinojosa was served by substituted service on May 12, 2011, and has failed to plead or otherwise defend, and that failure has been shown by affidavit or otherwise, Fed. R. Civ. P. 55, the clerk is directed to enter a default against defendant Alfredo Hinojosa. The clerk shall send a copy of the entry of default by certified mail, return receipt requested, to Alfredo Hinojosa, 7331 Gaston Ave., Dallas, Texas 75214.  The clerk shall enter this address in the docket entries of this case and serve a copy of all orders and notices to defendant Hinojosa.

The pending motion could also be construed as a motion for default judgment made pursuant to Rule 55(b).  Because default has been entered, Posadas is now entitled to a default judgment.  If Posadas's claims were for a sum certain or a sum that could be made certain by computation, the clerk could enter a default judgment for that amount

---

[2]Fed. R. Civ. P. 55.

2

and costs.[3]  In cases like this one, the court must conduct a hearing before entering a

default judgment to establish the truth of any allegation by evidence and to determine

the amount of damages.[4]

A hearing to establish the truth of Posadas's allegations and to determine

Posadas's damages is inappropriate at this time because Posadas's damage claims

against Hinojosa are intertwined with his damage claims against other named

defendants.  Posadas attributed all causes of action—with the exception of the claim for

breach of common law fiduciary duty—to all defendants.[5]  As a result, the court would

struggle to ascertain the truth of Posadas's allegations as to Hinojosa without trial

involving all defendants.  Even if the court could ascertain the truth of Posadas's

allegations as to Hinojosa, the court would struggle to distinguish damages that may

have flowed from Hinojosa's acts and/or omissions from damages that may have

flowed from the acts/omissions from the other defendants without trial.  A more

appropriate procedure to determine damages is to combine trial on the merits of

plaintiff's claims against the remaining defendants and the parties' counterclaims, with

a hearing on plaintiff's claim for damages against defendant Hinojosa.

---

[3]Fed. R. Civ. P. 55(b)(1).

[4]Fed. R. Civ. P. 55(b)(2).

[5]*See* docket entry # 27.

3

**Recommendation**.  For the reasons set forth above, I construe the pending motion as a request for entry of default and direct the Clerk to enter default.  To the extent the pending motion can be construed as a motion for default judgment I recommend denying the motion for entry of default judgment at this time (docket entry # 54), subject to re-urging with a recommendation that a hearing on damages be conducted with the trial on the merits of the remaining claims.[6]

**Instructions for service and notice of right to object/appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[7]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A

---

[6]Discovery closes on March 5, 2012; dispositive motions are due on April 2, 2012.  Docket entry # 61.  There is no trial date.

[7]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[8]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[9]

**SIGNED** on March 1, 2012.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8]*Thomas v. Arn,* 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root,* 200 F.3d 335, 340 (5th Cir. 2000).

[9]*Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).